IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADMINISTRATIVE COMMITTEE OF
THE WAL-MART STORES, INC.
ASSOCIATES' HEALTH AND
WELFARE PLAN,

    Plaintiff,

vs.                               CIV NO. 01-1186 ELM/WWD

MARY C. GALLOWAY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on a Motion to Dismiss by Defendant Mary Galloway. Matters outside the pleadings were referred to by both parties in the course of briefing the underlying legal issues. The factual issues are not controverted. Therefore, I am treating the motion as one for Summary Judgment pursuant to Fed.R.Civ.P. 56. I find that Summary Judgment must be granted to the Defendant Mary Galloway in light of the holding in the recent United States Supreme Court case *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002).

1



# FACTUAL BACKGROUND

Defendant Galloway was employed by Wal-Mart and was a covered person under the terms of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan, a self-funded employee welfare benefit plan. The Wal-Mart Plan was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*, or ERISA. The Defendant elected to participate in the Plan receiving coverage for medical benefits. The Plaintiff, the Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan, is the administrator and fiduciary of the Wal-Mart Plan and is granted discretion to interpret the provisions of the Plan.

The Defendant was injured in 1994 while performing a pre-employment physical capacity test administered by unrelated third parties. She injured her back and has had numerous back surgeries as a result. She is now totally disabled as a result of her 1994 injury. The Wal-Mart Plan paid medical expenses as a result of Defendant's injury in the amount of $70,695.29.

Defendant Galloway brought suit against the third parties in New Mexico State District Court. The parties held a five day trial which resulted in a jury verdict for the defendants and against Mary Galloway. She appealed the verdict but before the matter was ruled upon, the parties settled for $606,380. The Administrative Committee of the Wal-Mart Plan had a subrogation claim against Mary Galloway which resulted in an award by the State District Court Judge to the Administrative Committee of $29,797.51.

# PROCEDURAL BACKGROUND

The Defendant in this case, Mary Galloway, originally brought her tort action in state court. The case was titled *Mary C. Galloway vs. Physical Plus, Inc., et al*, No. CV 96-10703.

After her claim was settled, Galloway filed a petition in her state court case, adding Wal-Mart Stores, Inc. as a defendant, asking the court to determine the validity and amount of the subrogation claim by the Wal-Mart Plan for the medical expenses it had paid on her behalf. Wal-Mart removed the subrogation petition from the State District Court to the United States District Court for the District of New Mexico. The removed case was numbered 01-CV-584 and was assigned to me. Wal-Mart Stores then answered the Complaint and filed a counterclaim by the Administrative Committee against Mary Galloway. I remanded the case to the State District Court where the District Court Judge held a hearing on the issues and entered the judgment for the Administrative Committee mentioned previously. The District Court Judge applied New Mexico law to the subrogation claim resulting in an award to the Administrative Committee of $29,797.51.

The Wal-Mart Stores, Inc. Associates' Health and Welfare Plan contains a reimbursement provision which requires a covered person to reimburse the Plan to the extent of any benefits that were paid on behalf of the covered person when the covered person recovers damages from a third party responsible for her injuries. This reimbursement provision is common among such plans and its language is not at issue here. The problem arises of course when the damages awarded to the injured party, in this case through a settlement agreement with the third parties, are not sufficient to cover the full reimbursement to the health insurance plan for the expenses it had paid, the costs of recovery including attorneys' fees, and an award to the injured party to compensate her for her injuries.

ERISA allows a fiduciary, such as the Administrator of the Wal-Mart Plan, to bring a civil action,

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan;     29 U.S.C. §1132 (a)(3).

Jurisdiction for these civil actions lies in the district courts of the United States pursuant to 29 U.S.C. §1132 (e). The Administrative Committee, as the fiduciary of the Wal-Mart Plan, attempted to bring an action in equity pursuant to 29 U.S.C. § 1132 (a)(3) in the original case, *Galloway v. Physicals Plus, Inc.*, when it removed the state court case to this court and filed its counterclaim against Mary Galloway. By remanding the *Galloway v. Physicals Plus, Inc.* case to state court, the counterclaim was cut adrift. The State District Court had no jurisdiction to hear the counterclaim because exclusive jurisdiction to hear the ERISA claim for reimbursement lay with the district courts of the United States. 29 U.S.C. §1132(e).

Still attempting to enforce the reimbursement provision of the Wal-Mart Plan, the Administrative Committee filed a new action, claiming equitable relief, in the District Court of the United States for the District of New Mexico. That case, *Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Mary C. Galloway*, CIV 01-1186, was eventually transferred, in the interests of judicial economy, to me. In the meantime, the state case in which Ms. Galloway had asked for a determination of the subrogation claim of the Wal-Mart Plan, continued. New Mexico District Court Judge Daniel Schneider held a hearing in December, 2001, and issued a letter ruling on January 14 which was reduced to a Final Order and Judgment filed of record February 5, 2002. The settlement funds have not been fully disbursed. Some of the funds have been placed in a Supplemental Needs Trust managed by Desert State Life Management, Inc. for the benefit of Mary Galloway but other funds, in an amount sufficient

4

to cover the reimbursement claim of the Administrative Committee, are still in Ms. Galloway's attorney's trust account. Judge Schneider's ruling has been appealed to the New Mexico Court of Appeals by Wal-Mart Stores, Inc.

The Defendant in the current case, Ms. Galloway, filed a Motion to Dismiss on the basis of *res judicata* and lack of subject matter jurisdiction. The issues were fully briefed and awaiting my decision when the Supreme Court of the United States issued its opinion in *Great-West Life & Annuity Insurance Company v. Knudson*, 534 U.S. 204 (2002). In light of that case, I asked for letter briefs discussing that case from counsel which I have received and reviewed.

The Administrative Committee, the same Plaintiff as in the case before me, in the meantime filed a second action in Federal District Court, *Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Janet Santillanes, Law Offices of Janet Santillanes and Desert State Life Management, Inc. as trustee for the Supplemental Needs Trust Account, established for the benefit of Mary Galloway*, CIV 02-300. Janet Santillanes has been the attorney for Ms. Galloway throughout these lawsuits. On March 18, 2002, the Plaintiff in that case filed a motion for a Temporary Restraining Order requesting the Court enjoin the Defendants from disbursing settlement funds in which the Administrative Committee claims an interest. The following day United States Chief District Court Judge James A. Parker, to whom the above case had been assigned, held a hearing at which time he learned of the procedural posture of the two federal and the prior state court cases. The Plaintiff's Motion for a Temporary Restraining Order was denied.

## DISCUSSION

The Defendant Ms. Galloway has argued that res judicata bars this lawsuit from proceeding. Res judicata would only bar this present lawsuit if (1) the issues were actually decided or could have been decided in the original lawsuit, (2) there is a final judgment on the merits by a court of competent jurisdiction, (3) there is an identity of cause, and (4) there is an identity of parties or their privies. See *Wolford v. Lasater*, 973 P.2d (N.M. Ct. App. 1998) The res judicata argument fails on the first requirement. Plaintiff and fiduciary Administrative Committee could not have brought its ERISA claim in state court. The claim to enforce a provision of the Wal-Mart Plan pursuant to §1132(a)(3) must be brought in the district courts of the United States which have been assigned exclusive jurisdiction pursuant to 29 U.S.C. §1132(e). *Administrative Committee v. Maxwell*, 2000 U.S. Dist. Lexis 3235 (N.D. Ill. 2000) Therefore, the issue of restitution pursuant to ERISA could not have been litigated in the state court.

Instead, I find that the recent United States Supreme Court decision of *Great-West Life & Annuity Insurance Co. v. Knudson, supra,* is controlling under the facts and procedural posture of this case and mandates summary judgment for the Defendant Mary Galloway. *Great-West* presented the legal question of whether §502(a)(3) of ERISA authorizes an action such as this one by the Administrative Committee to enforce the reimbursement provision of the Wal-Mart Plan. The Court concluded that 29 U.S.C. §502 (a)(3) authorized actions in equity but did not authorize a suit which in reality was a lawsuit seeking to impose personal liability against the defendant.

In *Great-West*, like the case before me, the administrator of the health insurance plan

6

sought to recover the full amount of the medical expenses the plan had paid on behalf of the insured, covered defendant pursuant to a reimbursement provision of its plan. The defendant in *Great-West* had been severely injured in a car crash and had recovered a negotiated settlement from third parties in a California state court case. However, like the case before me, the settlement was not sufficient to reimburse her health plan fully, cover the costs of the recovery effort, including attorneys' fees, and compensate her for her injuries. Some of the settlement was placed in a California Special Needs Trust for Ms. Knudson's benefit (which is virtually identical to the New Mexico Supplemental Needs Trust in the case here), some was allocated to attorneys' fees and costs and the rest was allocated to the California Medicaid program and Great-West. Great-West was awarded only a small portion of the medical expenses it had paid on behalf of Ms. Knudson.

Great-West had attempted to remove the state court case to federal court but the action was remanded to the state court from which it came. The state court then approved the settlement and the disbursement of the funds. In the meantime, Great-West filed an action in the United States District Court seeking injunctive and declaratory relief under §1132(a)(3). The relief sought by Great-West was denied by both the federal district court and the United States Court of Appeals for the Ninth Circuit, although on different grounds. The United States Supreme Court reviewed the case, examining the language of §1132(a)(3) thoroughly and analyzing whether an action for a reimbursement by the fiduciary was actually an action in equity The Court concluded 1) that §1132(a)(3) of ERISA only authorizes a fiduciary to bring an action in equity, and 2) that an action like this one for reimbursement in which, in essence, the fiduciary is attempting to impose personal liability on the insured person "for a contractual obligation to

pay money" is not an action in equity. *Great-West, supra* at 713. "A claim for money due and owing under a contract is 'quintessentially an action at law.'" *Great-West*, supra at 713, quoting *Wal-Mart Stores, Inc. v. Wells*, 213 F.3d 398, 401 (C.A.7, 2000). Therefore, the fiduciary Great-West did not have the statutory authorization to bring an action against the insured person to enforce the reimbursement provision of the insurance plan.

Here, the Administrative Committee also brought its action against Ms. Galloway in equitable terms asking for "equitable relief, including, but not limited to, an injunction, declaration of rights under the Plan, specific performance, mandamus, constructive trust, and restitution against the Defendant to enforce ERISA and the terms of the Plan." (Complaint, ¶12, Doc. No. 1). The Administrative Committee drafted its Complaint in an attempt to bring its case in equity, as required by the statute. However, like the plaintiff in *Great-West*, the Administrative Committee is in reality bringing an action at law seeking to impose personal liability on Ms. Galloway for the medical expenses the Wal-Mart Plan paid on her behalf. Section 1132 (a)(3) does not allow an action against the insured for money which might be due and owing according to the terms of the Wal-Mart Plan, no matter how it is couched. The fact that the Complaint asks for restitution, as did the complaint in *Great-West*, was addressed at length by the United Supreme Court in its recent opinion. *Supra,* at 714-715. The words of the Complaint are not controlling. The character of the claim depends on the basis of the claim and underlying remedies sought. This action is based upon the terms of the contract of the Wal-Mart Plan to which the defendant was a party. The action is in essence claiming a breach of that contract and is seeking to impose personal liability upon the Defendant for the funds the Wal-Mart Plan expended on her behalf. Therefore, the restitution claim is in reality a claim for

personal liability against the Defendant, which is an action at law.

I find that the case before me is very similar to the fact pattern and procedural posture of *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002). The holding of Great-West is clear that an action brought by a fiduciary for restitution or reimbursement of paid benefits against the insured individual is not allowed by ERISA. Therefore, I find that summary judgment will be granted to the Defendant Mary Galloway. There being no other claims pending, the case is dismissed with prejudice by accompanying Order and Judgment.

_____
SENIOR UNITED STATES JUDGE